NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA L. SOSA, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 11-03021 (WHW) |
| : | |
| CLIENT SERVICES, INC., : | |
| : | |
| Defendant. : | |

**Walls, Senior District Judge**

The plaintiff Maria L. Sosa sues the defendant Client Services, Inc. alleging that the initial debt collection letter the company sent her violated the statutory notice and other requirements of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq ("FDCPA"). Client Services filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), to which Sosa has not responded. Because the complaint as drafted is insufficient to state a claim for relief that is plausible on its face, the defendant's motion to dismiss is granted and the plaintiff's complaint is dismissed without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 20, 2011, Maria L. Sosa filed the current action against defendant Client Services, Inc. in the Superior Court of New Jersey, Special Civil Part, Bergen County. Pursuant to 28 U.S.C. 1441(b), Client Services removed the action to this Court on May 25, 2011. Subject

1

**NOT FOR PUBLICATION**

matter jurisdiction is appropriate here under 28 U.S.C. § 1331 because the action arises under a federal statute, namely the FDCPA.

Sosa alleges that Client Services, acting as a debt collector, failed to comply with the requirements of the FDCPA in its initial communications to her. According to the complaint, Client Services first contacted Sosa by letter on or around July 26, 2010 seeking to collect an alleged debt originally owed to Macys GE Mid Prime. Compl. ¶¶ 6–9. Although the complaint does not attach or quote any portion of the challenged letter, Sosa alleges that Client Services' letter was deceptive and violated the requirements of 15 U.S.C. § 1692g(a) because it (1) failed to indicate that Client Services had been assigned or purchased the alleged debt, (2) did not include the required wording to notify Sosa of her right to dispute the alleged debt, (3) enticed her to concede that she owed the full debt rather than allowing her to dispute the amount of the debt, and (4) misled her into believing that full payment was the only available course of action. Compl. ¶¶ 10–13. Sosa also alleges that Client Services violated 15 U.S.C. § 1692c(a) by contacting her directly when Client Services knew or should have known that she had retained counsel. Compl. ¶ 14.

On June 15, 2011, the defendant Client Services filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Although Client Services' motion to dismiss focuses on what it describes as the "sole basis for her complaint" that "the defendant failed to advise whether it was assigned or purchased the debt," the Court will consider this as a motion to dismiss the complaint as a whole based on Client Services' further argument that Sosa "does not aver any other violations of the FDCPA." Mot. to Dismiss 1. As of the date of this order, the plaintiff has not filed any opposition or otherwise responded to the motion to dismiss. Under L.

**NOT FOR PUBLICATION**

Civ. R. 7.1(d)(2), any opposition to the motion to dismiss was due no later than July 5, 2011. This motion is decided without oral argument pursuant to Fed. R. Civ. P. 78(b).

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007). Under Fed. R. Civ. P. 8(a)(2), the complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." At the same time, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As a result, the complaint must contain more than "bare-bones allegations" or "threadbare recitals of the elements of a cause of action." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949).

Despite the plaintiff's failure to respond to the motion to dismiss, the Court will address the merits of this motion to dismiss and consider whether the complaint here was sufficient to state a valid cause of action. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

## DISCUSSION

Congress enacted the FDCPA to eliminate abusive, deceptive, and unfair debt collection practices, in part by ensuring that debt collectors provide consumers with timely and adequate

notice of their legal rights. Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000); Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 298 (3d Cir. 2008). In particular, 15 U.S.C. § 1692g(a) requires that the debt collector provide written notice of the following to the debtor within five days of its initial communication:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

To fulfill the statutory notice requirements of this section, the debt collector must not only state the debtor's rights but must also do so in an effective manner. Granzino v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). The court must assess the effectiveness of these statements from the perspective of the "least sophisticated debtor." Wilson, 225 F.3d at 354 (quoting Granzino, 950 F.2d at 111). The FDCPA also provides that this statutory notice, like other communications, must be directed to the consumer's attorney "if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a).

 **I.** **Client Services' Alleged Failure to Disclose the Relationship to the Debt**

The focus of Sosa's complaint is that Client Services' initial letter "does not explain how the defendant acquired this debt, or if they own it at all." Compl. at 4. Sosa alleges that if Client Services does own the debt to be collected, then the complaint fails to provide sufficient information regarding how it acquired the debt. Id. In particular, the complaint claims that the written notice "does not reference at all how Client Services received this account" from the

4

**NOT FOR PUBLICATION**

original creditor, arguing that Client Services "must show or at least state is [sic] has been assigned or purchased this alleged debt." Id. ¶ 10. As a result, Sosa asserts that the letter "was written to completely deceive the consumer as to who owned the debt at this time." Id. at 4.

Sosa's complaint first alleges that these deficiencies in Client Services' initial letter violate the statutory notice requirements. Under the text of 15 U.S.C. § 1692g(a), a debt collector is not specifically required to state in the written notice how the debt collector received the account that it is attempting to collect. Instead, the debt collector must simply identify the name of the creditor to whom the debt is currently owed. 15 U.S.C. § 1692g(a)(2). The debt collector must also state that the consumer has the right to make a written request within the thirty-day period for the debt collector to provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(5). Both of these must be communicated effectively so that the least sophisticated debtor would know who the debt is currently owed to and understand that he or she has a right to request the name of the original creditor. See Wilson, 225 F.3d at 354.

In order to prevail on this statutory notice claim, Sosa would need to demonstrate that the challenged letter failed to effectively communicate or misled her as to the identity of the current creditor and her right to request the name of the original creditor. The only factual basis for this claim alleged in the complaint is that Client Services did not explain how it received the account and whether it had purchased or been assigned the debt from Macy's GE Mid Prime. Compl. ¶¶ 8–10. The complaint does not cite any language in the letter or otherwise provide any factual basis for its allegations that Client Services misled her as to the identity of the current creditor. Nor does the complaint include any allegation that the letter did not notify Sosa that she had a right to submit a written request to obtain the name of the original creditor.

**NOT FOR PUBLICATION**

While nothing alleged in the complaint would necessarily prevent Sosa from ultimately recovering on her claim, the facts pleaded alone are not sufficient alone to allow this Court to draw a reasonable inference that the written notice letter violated the requirements of 15 U.S.C. § 1692g(a). Since the FDCPA does not require the debt collector to explain how it received the account and whether it had purchased or assigned the debt, this alone cannot be a basis for a violation. 15 U.S.C. § 1692g(a)(5) makes clear that the identity of the original creditor need not be communicated in the initial written notice. Requiring the defendant to explain in the initial letter how the current creditor acquired the debt from the unnamed original creditor would be inconsistent with this provision. This district has been reluctant to find statutory notice misleading or insufficient solely because it does not include additional information not specifically required under 15 U.S.C. § 1692g(a). See Guevara v. Client Servs., Inc., No. 11-cv-3736, 2011 WL 5082251, at *3 (D.N.J. Oct. 26, 2011) (dismissing claim that initial notice letter was misleading based only on allegations that it did not include the account number and an explanation of debt collector's relationship to the debt). Any remaining allegations supporting Sosa's claim that Client Services failed to effectively identify the current creditor amount to little more than threadbare legal conclusions. To state a valid claim, Sosa will need to provide more specific allegations as to why the letter did not effectively communicate the true identity of the current creditor or why the least sophisticated debtor would otherwise be misled by the challenged letter.

Sosa also cites the prohibition on flat-rating under 15 U.S.C. § 1692j to support her argument that Client Services had an obligation to state its relationship to the debt in the initial letter. This provision prohibits any party from designing, compiling, or furnishing any form for use in debt collection "knowing that such form would be used to create the false belief in a

**NOT FOR PUBLICATION**

consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a). This section is inapposite because it applies only to parties who prepare misleading debt collection letters that give the false impression that a person other than the creditor is participating in debt collection. Here, there is no allegation that the collection letter references any party other than Client Services. Because Sosa specifically alleges that Client Services is a debt collector under the FDCPA who is participating in the debt collection and sent the initial contact letter itself, the complaint cannot state a claim against Client Services under 15 U.S.C. § 1692j. Compl. ¶¶ 4, 6–7. See Muralles v. Client Servs., Inc., No. 11-cv-3738, 2011 WL 3882264, at *4 (D.N.J. Sept. 2, 2011) (dismissing claim where complaint alleged only a possibility that one of the parties referenced in an initial contact letter was not participating in the debt collection).

## II.     Other Alleged Violations of FDCPA Sections 1692c and 1692g

The remaining allegations amount to little more than a recital of possible violations of the FDCPA without any additional factual detail or elaboration. As the Supreme Court has explained, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. The Supreme Court has stressed that even though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

**NOT FOR PUBLICATION**

Sosa fails to adequately plead her claim that Client Services violated 15 U.S.C. § 1692c(a) by contacting only her when Client Services knew or should have known that she had retained counsel. Compl. ¶ 14. The complaint does not allege that Sosa's counsel sent a client representation letter to any party. Nor does the complaint allege any other fact to support the allegations that Client Services had either actual or constructive knowledge that Sosa was represented by counsel. Id. at 4. To survive a motion to dismiss, Sosa must raise at least some factual basis for her claim that Client Services knew or should have known that she was represented by counsel. See Ventura v. Collectcorp Corp., No. 11-4576, 2011 WL 4625365, at *2–3 (D.N.J. Sept. 30, 2011) (dismissing claim for failure to plausibly allege that debt collector should have known that consumer was represented by counsel where complaint alleged only that original creditor had been sent a client representation letter).

The complaint also makes additional summary allegations that the letter was misleading regarding her rights and did not effectively communicate certain information required by 15 U.S.C. § 1692g(a). In particular, the complaint concludes without elaboration that the letter enticed Sosa to concede that she owed the full debt, misled her into believing that full payment was the only available course of action, and failed to include what it characterizes only as the "required wording" regarding her right to dispute the amount of the debt within 30 days. Compl. ¶¶ 10–13. While these legal conclusions if true would state a violation of 15 U.S.C. § 1692g(a), the bare-bones allegations in the complaint again amount to little more than a recitation of the elements of a potential cause of action. Id. ¶¶ 11–13. See Granzino, 950 F.2d at 111–12; Wilson, 225 F.3d at 354–55. To ultimately survive a motion to dismiss, Sosa will need to provide more specific factual allegations regarding the contents of the letter and why the written notice was

**NOT FOR PUBLICATION**

misleading and deficient. This Court finds that the complaint as written without any further elaboration is insufficient to state a plausible claim for relief on its face.

## CONCLUSION

Because the complaint as drafted does not allege sufficient facts to state a cause of action under the FDCPA, the defendant Client Services' motion to dismiss is granted. The Court will dismiss the plaintiff Maria L. Sosa's complaint without prejudice and afford the plaintiff an opportunity to file an amended complaint to address these deficiencies.

November 16, 2011

                                            **/s/ William H. Walls**
                                            United States Senior District Judge